# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

    Appellant,

v.

ROBERT THOMAS ATKERSON et al.,

    Appellees.

Case No. 2:09-CV-00673-RCJ-GWF

**ORDER**

Presently before the Court is Appellant's 28 U.S.C. § 158(a) appeal from the Bankruptcy Court's Order After Joint Hearing (No. BK-S-08-11608-BAM, #39) denying Appellant's Motion for Relief from Automatic Stay (*Id.*, #14). Having considered the briefs and the record on appeal, including the arguments of parties at the consolidated hearing on November 10, 2009, the Bankruptcy Court is affirmed.

**I.    FACTS AND PROCEDURAL HISTORY**

On April 15, 2009, Appellant Mortgage Electronic Registration Systems, Inc. ("MERS") filed its Notice of Appeal (#1). This appeal is one of approximately eighteen (18) similar cases on appeal in the District of Nevada in which the Bankruptcy Court ruled that Appellant lacked standing to bring the motion.

In the underlying bankruptcy action, MERS filed its Motion for Relief from Automatic Stay ("the Motion") pursuant to Federal Rule of Bankruptcy Practice 4001 on July 15, 2008 seeking to have the automatic stay lifted so that MERS could conduct a non-judicial foreclosure sale on Appellee/Debtor Robert Thomas Atkerson's real property because the loan was in default. (No. BK-S-08-11608-BAM, #14 at 3). MERS made the Motion "Solely as Nominee for The Mortgage Depot, Inc., its successors and/or assigns." (*Id.*, #14 at 1:19–20). The attached Deed identified "The Mortgage Depot Inc." ("TMD") as the lender and MERS as the beneficiary and nominee. (*Id.*, #14-2 at 1–2). The Motion neither attached the note, nor any documentation demonstrating that TMD or any of its successors and/or assigns were the current payee of the note. Additionally, no affidavit or other documentation supported the Motion's assertions. Trustee Lenard E. Schwartzer ("the Trustee") filed objections to the Motion arguing that MERS did not have standing as a real party in interest under the Rules to file the motion. (*Id.*, #19).

Due to the similar issues raised regarding motions for relief from stay in approximately twenty-seven (27) cases involving MERS, the Bankruptcy Court set a joint hearing for all twenty-seven cases. The Bankruptcy Court also ordered consolidated briefing for all cases to be filed in Case No. 07-16226-LBR, *In re Mitchell*, the "lead case." In ten (10) of the cases now on appeal, including the present case, Appellant attempted to withdraw the Motion but was procedurally unable to do so because the Trustee would not consent. (*Id.*, #39 at 1:16–19).

A final hearing was held on August 19, 2008. (*Id.*, #39 at 1:20–21). At the hearing, counsel for MERS argued that MERS need not disclose the owner of the beneficial interest in order to establish that MERS was a real party in interest as an agent for whomever held the beneficial interest. Further, a declaration by William Hultman, Secretary for MERS, stated that "every one of these loans is registered to a MERS member[,]" implicitly suggesting that MERS had authority to act for an undisclosed beneficial owner. On March 31, 2009, the Bankruptcy Court issued Memorandum Opinions and Orders denying MERS' motions for relief from stay in *In re Mitchell* and two other cases. In the present case,

the Bankruptcy Court denied the Motion without prejudice by incorporating the reasoning from the *In re Mitchell* Memorandum Opinion. (*Id.*, #39 at 1:24–25).

The Bankruptcy Court held that MERS lacked standing because it was not a real party in interest as required by the Rules. Specifically, the court found that "[w]hile MERS may have standing to prosecute the motion in the name of its Member as nominee, there is no evidence that the named nominee is entitled to enforce the note or that MERS is the agent of the note's holder." The court further held that MERS' asserted interest as beneficiary under the contract terms did not confer standing because MERS had no actual beneficial interest in the note and, therefore, was not a beneficiary.

MERS now appeals that order, asserting that the Bankruptcy Court erred as a matter of law when it determined that MERS may not be a beneficiary under the deeds of trust at issue in the eighteen consolidated cases where the express language of the deeds of trust provide that MERS is the beneficiary. The Trustee continues to assert that MERS lacks standing because it is not a real party in interest.

**II.    STANDARD OF REVIEW**

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a) and reviews the Bankruptcy Court's findings under the same standard that the court of appeals would review a district court's findings in a civil matter. 28 U.S.C. § 158(c)(2). Therefore, the Court reviews the Bankruptcy Court's factual findings under a clearly erroneous standard, and conclusions of law *de novo*. *See In re Healthcentral.com*, 504 F.3d 775, 783 (9th Cir. 2007); *In re First Magnus Fin. Corp.*, 403 B.R. 659, 663 (D. Ariz. 2009).

**III.   ANALYSIS**

As stated above, this appeal arises from eighteen cases in which MERS filed motions for relief from stay in the Bankruptcy Court. In each case, either a party or the Bankruptcy Court raised the issue of whether MERS had standing to bring the motion. In holding that MERS did not have standing as the real party in interest to bring the motion for relief from stay, the Bankruptcy Court determined that MERS was not a beneficiary in spite of language that designated MERS as such in the Deed of Trust

at issue. MERS seeks to overturn the Bankruptcy Court's determination that it is not a beneficiary. However, the Court must affirm the Bankruptcy Court's order under the facts presented because MERS failed to present sufficient evidence demonstrating that it is a real party in interest.

A motion for relief from stay is a contested matter under the Bankruptcy Code. *See* Fed. R. Bankr. P. 4001(a); 9014(c). Bankruptcy Rule 7017 applies in contested matters. Rule 7017 incorporates Federal Rule of Civil Procedure 17(a)(1), which requires that "[a]n action must be prosecuted in the name of the real party in interest." *See In re Jacobson*, 402 B.R. 359, 365–66 (Bankr. W.D. Wash. 2009); *In re Hwang*, 396 B.R. 757, 766–67 (Bankr. C.D. Cal. 2008).

Since MERS admits that it had no beneficial interest in the note in this case at the time the Motion was filed, but was moving "Solely as Nominee," MERS must at least provide evidence of its alleged agency relationship. *See Jacobson*, 402 B.R. at 366, n.7 (quoting *Hwang*, 396 B.R. at 767 ("The right to enforce a note on behalf of a noteholder does not convert the noteholder's agent into a real party in interest.")). An agent for the purpose of bringing suit is "viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than his own name." *Hwang*, 396 B.R. at 767 (quoting 6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1553 (1990)). This is particularly important in the District of Nevada where the Local Rules of Bankruptcy Practice require parties to communicate in good faith regarding resolution of a motion for relief from stay before it is filed. L.R. Bankr. Prac. 4001(a)(3). The parties cannot come to a resolution if those with a beneficial interest in the note have not been identified and engaged in the communication.

In the context of a motion for relief from stay, the movant, MERS in this case, bears the burden of proving it is a real party in interest. *In re Wilhelm*, 407 B.R. 392, 400 (Bankr. D. Idaho 2009). "To have standing to seek relief from the automatic stay, [movant] was required to establish that it is a party in interest and that its rights are not those of another entity." *Id.* (quoting *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008)) (alteration in original). Initially, a movant seeking relief from stay may rely upon its motion. *Id.* However, if a trustee or debtor objects based upon standing, the movant must come

4

1  forward with evidence of standing. *Id.*; *Jacobson*, 402 B.R. at 367 (requiring movant at least demonstrate
2  who presently holds the note at issue or the source of movant's authority).

3      The only evidence presented to the Bankruptcy Court that it acted on behalf of the current
4  owner(s) of the beneficial interest in the note was MERS' assertion that the current note owner is a
5  MERS member, because "the loan at issue is registered to a MERS member." (William C. Hultman
6  Decl., Aug. 19, 2008, at para. 3; app. vol. 3, p. 425). MERS asserts that if the note is sold to a party that
7  is not a member of MERS then the loan is "deactivated from the MERS system." (*Id.*, para. 4).  MERS
8  thus argued to the Bankruptcy Court that since a loan has not been deactivated, it must remain in the
9  hands of a MERS member that it has agency to act for.  However, given the admitted failure of MERS
10 to follow its policies in the cases that were withdrawn, relying heavily on its policy of deactivating loans
11 now in the hands of non-members to establish agency carries little weight.

12      The only direct documentary evidence provided by MERS in the present case was the deed of
13 trust indicating that MERS had been identified as a "beneficiary" and that it had been named nominee
14 for the original lender, TMD. (No. BK-S-08-11608-BAM, #14-2 at 1–2).  Since MERS provided no
15 evidence that it was the agent or nominee for the current owner of the beneficial interest in the note,
16 other than the fact that the loan had not been deactivated from the MERS system, it has failed to meet
17 its burden of establishing that it is a real party in interest with standing.  Accordingly, the order of the
18 Bankruptcy Court must be affirmed.

19      This holding is limited to the specific facts and procedural posture of the instant case.  Since the
20 Bankruptcy Court denied the Motion without prejudice, nothing prevents Appellant from refiling the
21 Motion in the Bankruptcy Court and providing the evidence it admits should be readily available in its
22 system.  The Court makes no finding that MERS would not be able to establish itself as a real party in
23 interest had it identified the holder of the note or provided sufficient evidence of the source of its
24 authority.

25
26

**CONCLUSION**

IT IS HEREBY ORDERED that the Order of the Bankruptcy Court, Docket No. 39 in Case No. BK-S-08-11608-BAM, is AFFIRMED.

DATED:   December 1, 2009

_____
Robert C. Jones
United States District Judge